IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT MEDFORD, )
 )
       Plaintiff, )
 )
vs. ) Case No. 17−cv–01013−JPG
 )
EVERETT )
 )
       Defendant. )
 )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Medford, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at St. Clair County Jail. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Amended Complaint**

Plaintiff originally brought suit in case No. 17-cv-243-JPG on March 8, 2017. (Doc. 2). On September 21, 2017, the Court severed the claims in that lawsuit into separate cases, including this one. (Doc. 1). The severance Order noted that the Complaint named people in the body of the Complaint, but not in the case caption, which precluded the Court from recognizing those individuals as parties. In particular, it noted that it appeared that Plaintiff intended Count 7, the claim in this case, to proceed against C/O Everett and that the Court may consider granting Plaintiff leave to correct that deficiency. (Doc. 1, p. 9). On October 11, 2017, Plaintiff filed a motion asking for an extension of time to file an amended complaint. (Doc. 6). On October 25, 2017, Plaintiff filed a First Amended Complaint against Everett. (Doc. 7).

All parties may amend their pleadings once as a matter of course. Fed. R. Civ. P. 15(a). An amended complaint supersedes and replaces the original, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court therefore accepts the Amended Complaint and reviews it pursuant to § 1915A.

Plaintiff's statement of claims in its entirety reads as follows: "On March 2017 I asked C/O Everett to sign my forma pauperis form to farther my civil suit. He denied me and told me he couldn't help me. The C/O Everett display negligence boldly talked down to inmates and are extreme unresponsive." (Doc. 7, p. 5) (grammatical and spelling errors in original).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1** – First Amendment denial of access to the courts claim for failure to sign Plaintiff's *in forma pauperis* form.

This case will be dismissed because Plaintiff has failed to state a claim upon which relief can be granted and any amendment would be futile. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction,

sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff has suffered no detriment. Plaintiff has alleged that Everett refused to sign his IFP form, and a review of the Court's docket shows that the trust fund officer certification submitted in this case is indeed unsigned. (Doc. 3-1). Yet Plaintiff was granted leave to proceed IFP in this case on September 29, 2017. (Doc. 5). Plaintiff has 6 open cases before the undersigned right now, including this one, and he has been granted leave to proceed IFP in all 6 of them. *Medford v. McLaurin*, 17-cv-0243-JPG; *Medford v. Unknown Party*, 17-cv-1012-JPG; *Medford v. Bonjack*, 17-cv-1014-JPG; *Medford v. Walt*, 17-cv-1015-JPG; *Medford v. Lazante*, 17-cv-1016-JPG. As Plaintiff has been granted the relief he sought despite Everett's lack of cooperation, he has suffered no detriment. Plaintiff has not been stopped from litigating through Everett's actions. He is proceeding on his claims. Without a detriment, Plaintiff has no claim.

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has already amended once as a matter of course, and any further restatement of his claim would be futile as Plaintiff has been granted leave to proceed IFP in all of his cases. Plaintiff's case will be dismissed with prejudice for failure to state a claim, and the Court will assess a strike pursuant to 28 U.S.C. § 1915(g).

### **Pending Motions**

Plaintiff's Motion for an extension of time to file an amended complaint is **DENIED** as **MOOT** because the Amended Complaint has already been filed. (Doc. 6). The Court accepts

the Amended Complaint. Plaintiff's Motion for Appointment of Counsel is **DENIED** as **MOOT** because Plaintiff has failed to state a claim for relief. (Doc. 8).

**Disposition**

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** for failure to state a claim. Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff's Motions are **DENIED** as **MOOT**. (Doc. 6) (Doc. 8).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: October 30, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**